



# MEMORANDUM OPINION

No. 04-07-00574-CR

Jeremiah Heath **CARDIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B0750
Honorable Charles Sherrill, Judge Presiding[1]

Opinion by:    Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
Karen Angelini, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    June 25, 2008

AFFIRMED

Jeremiah Cardin was found guilty of possession of cocaine, and he was sentenced to two years imprisonment and fined $2,000. Cardin's only complaint on appeal is that he was denied effective assistance of counsel during the punishment phase of his trial. We affirm.

---

[1] Sitting by assignment.

On November 6, 2006, officers were conducting surveillance at a Kerrville nightclub when they observed signs of drug use by several individuals outside the club. Upon witnessing the drug activity, officers approached the individuals. Cardin, who was sitting in his vehicle at the time, was conversing with the drug suspects when the officers approached. Cardin became extremely nervous and began sweating when the officers identified themselves. The officers ordered Cardin to place his hands on his steering wheel, but he disregarded the officers' commands. Concerned for their safety, the officers removed Cardin from his vehicle and searched Cardin's vehicle for weapons. The officers' search uncovered drug paraphernalia containing cocaine residue. Cardin was subsequently arrested and charged with possession of less than one gram of cocaine.

The prosecution offered Cardin a probated sentence in exchange for a plea of guilty on several occasions before trial. Cardin, however, rejected each of the prosecution's plea offers and the case proceeded to trial. Following his trial, the jury found Cardin guilty of the alleged offense. Cardin elected for the jury to determine his punishment, and the jury sentenced Cardin to two years confinement and fined him $2,000.

Cardin appeals, claiming he was denied effective assistance of counsel during the punishment phase of his trial. Specifically, Cardin complains that he received ineffective assistance because defense counsel: (1) failed to object when the prosecution introduced evidence of a prior theft conviction at his punishment hearing; and (2) mistakenly advised him to go to the jury for punishment, even though he was not eligible for community supervision from the jury *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 4(d)(2), 15(a)(1) (Vernon Supp. 2008).

To prevail on an ineffective assistance of counsel claim, the defendant must demonstrate by a preponderance of the evidence that: (1) counsel's performance was so deficient as to fall below

an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Unless the defendant makes both showings, it cannot be said that the defendant's conviction was rendered unreliable by a breakdown in the adversarial process. *Strickland*, 466 U.S. at 687. This standard applies to both the guilt-innocence and the punishment phases of trial. *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

A claim of ineffective assistance of counsel "must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Thompson*, 9 S.W.3d at 813). We review counsel's performance with a high degree of deference and without "the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813. "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, and the defendant must overcome the presumption." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

Direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped, providing no explanation for counsel's actions. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813-14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (citing *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Although Cardin filed a motion for new trial, he did not raise ineffective assistance as a ground for relief. As a result, no record was ever developed in support of Cardin's claim of ineffective assistance. Cardin relies solely upon the reporter's record of the trial, but that record contains no evidence of defense counsel's reasoning or his thought process. Because there is no evidence in the record to rebut the prevailing presumption that defense counsel's conduct was within the range of reasonable professional assistance, and this is not a case where counsel's conduct was so outrageous that no competent attorney would have engaged in it, we must conclude that Cardin has failed to demonstrate he was denied effective assistance of counsel.

The judgment of the trial court is therefore affirmed.

Catherine Stone, Justice

DO NOT PUBLISH